UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WANDA HOLLY CHASTAIN,

    Plaintiff,

v.                                                Case No. 3:20cv4181-MCR-HTC

BADARUDDIN SOOMRO,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this action on March 4, 2020 by filing a civil complaint alleging various tort claims against her landlord, Badaruddin Soomro, who initiated eviction proceedings against her. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon screening the complaint under 28 U.S.C. § 1915(e)(2), and for the reasons set forth herein, the undersigned respectfully recommends that the complaint be DISMISSED for lack of subject-matter jurisdiction and because amendment of the complaint would be futile.

**I.    THE COMPLAINT**

Plaintiff's complaint sets forth the following factual allegations, the truth of which are accepted for purposes of this order:

Defendant Soomro filed eviction proceedings against Plaintiff, which Plaintiff alleges were fraudulent. During a hearing on the matter on February 21, 2020, Defendant told the presiding judge, Judge Kinsey, that he gave Plaintiff a 30-day eviction notice. Plaintiff alleges Defendant gave her no such notice. Moreover, Defendant told Judge Kinsey Plaintiff's rent was due on the 1st of each month, but Plaintiff alleges her rent was due the 10th of each month. Based on Defendant's alleged perjury, Judge Kinsey found for Defendant and ordered Plaintiff to pay her February rent and upcoming March rent to the court by February 28, 2020.

In a second hearing on the matter on March 2, 2020, the presiding judge, Judge Johnson, found that Defendant "did indeed cause the Court to apply misleading judgement/orders to Plaintiff and Plaintiff was due back her money that she had paid early, in cash, for March's rent plus court fees." ECF Doc. 1 at 10. Judge Johnson told Plaintiff "he would place the order before the end of business March 2, 2020 and Plaintiff could contact the clerk to pick up her money from the court." *Id.* The next day, however, the clerk's office told Plaintiff that, per protocol, the Judge's order had to first go to accounting, which would issue a check, and that check would be sent to the clerk's office to hold for five (5) business days.

Plaintiff alleges that such protocol "would place [her] in even further harm than had been done already." *Id.* Thus, Plaintiff filed an emergency motion to the court requesting the immediate return of her money. However, on March 4, 2020,

the court issued an order denying her request, thus "continuing to allow the harm already done to increase to [Plaintiff] and continues to mount, including but not limited to the disconnection of all her utilities … the loss of her car, the loss of her health, the loss of her job." *Id.* at 10-11.

Based on the foregoing, Plaintiff alleges that "Defendant has essentially robbed [Plaintiff], taking [Plaintiff's] money, caused her loss of income, stress on her health, and then colluded to exact a March 9, 2020 eviction while holding her money that she already paid for March rent crippling [her] ability to maintain a … roof over her head." *Id.* at 11.  As relief, she seeks (1) compensatory and punitive damages against Defendant Soomro in the amount of $45,000 and (2) that this Court "remov[e] all eviction paperwork from [Plaintiff's] record … and stay, restrain and enjoin any and all agents, employees … of Soomro and the Escambia County Pensacola Florida sheriffs' office from March 9, 2020 eviction of [Plaintiff]." *Id.*

## II.   LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss her complaint if it determines it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  The Court must read Plaintiff's *pro se* allegations in a liberal fashion.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  If the complaint is deficient, the court is required to dismiss the

suit sua sponte. *See Cooley v. Ocwen Loan Servicing, LLC*, 729 F. App'x 677, 680 (11th Cir. 2018). "A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Id.* at 681 (quoting *Clark v. Ga. Pardons & Paroles Bd.,* 915 F.2d 636, 639 (11th Cir. 1990)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). To survive dismissal under this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.   DISCUSSION

#### A.   Lack of Subject-Matter Jurisdiction

Plaintiff's complaint does not contain a basis for federal jurisdiction, and this Court does not have jurisdiction over Plaintiff's claims. Federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). They possess only that power authorized by the Constitution and by statute. *Id.* (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986)). Generally, district

courts have subject-matter jurisdiction over only two (2) types of cases: (1) a case involving a federal question or (2) a case involving diversity of citizenship of the parties. *See* 28 U.S.C. §§ 1331, 1332. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkoken*, 511 U.S. at 377 (citations omitted).

        1.     <u>This Court lacks federal question jurisdiction in this matter.</u>

A "federal question" case arises under the United States Constitution or federal laws or treaties. *See* 28 U.S.C. § 1331. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for the purposes of § 1331." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). Under the "well-pleaded-complaint" rule, "[a] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Thus, for federal question jurisdiction to exist, a plaintiff's complaint must "claim a right to recover under the Constitution and laws of the United States." *Bell v. Hood*, 327 U.S. 678, 681 (1946).

In addition, Federal Rule of Civil Procedure 8(a)(1) provides that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). If a complaint lacks a jurisdictional statement, a court may find a basis for federal question jurisdiction only if the complaint makes "references

to federal law sufficient to permit the court to find § 1331 jurisdiction." *Miccosukee Tribe of Indians v. Kraus–Anderson Constr. Co.*, 607 F.3d 1268, 1275–76 (11th Cir. 2010) ("Rule 8(a)(1) is satisfied if the complaint says enough about jurisdiction to create some reasonable likelihood that the court is not about to hear a case that it is not supposed to have the power to hear."). However, where a complaint is "devoid of a single citation to a Constitutional provision, a federal statute, or a recognized theory of common law as the basis for the allegation that the [plaintiff's] cause of action arises under federal law," the complaint fails to establish jurisdiction under § 1331. *See id.* at 1276.

Plaintiff has failed to meet her burden of establishing federal question jurisdiction, as she makes no allegations that demonstrate a cause of action arising under the Constitution or federal laws or treaties. On the contrary, she alleges Defendant unlawfully evicted her, and unlawful eviction is a state law claim. *See* Chapt. 83, Fla. Stat. She also alleges Defendant "essentially robbed [her]" by taking her rent money, and theft of personal property is also a state law claim. *See* § 812.014, Fla. Stat.; *see also Palma v. Safe Hurricane Shutters, Inc.*, 2008 WL 2917689, at *1 (S.D. Fla. Jul. 25, 2008) (dismissing plaintiff's state law civil theft claim for lack of federal jurisdiction). Thus, Plaintiff has provided no basis from which the Court can determine that it has federal question jurisdiction over Plaintiff's claims.

Moreover, even if Plaintiff had alleged a constitutional violation, Plaintiff's claims against Defendant Soomro would be subject to dismissal because Plaintiff is not a person acting under color of state law. A claim under 42 U.S.C. § 1983 requires Plaintiff to show, *inter alia*, that the alleged misconduct was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds; *Daniel v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

Private parties may be considered state actors acting under color of state law only if one of the following three (3) tests is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test')." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (citations and internal quotations omitted). "Only in rare circumstances can a private party be viewed as a state actor for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).

Defendant Soomro is a private individual, and Plaintiff alleges no facts which implicate any of the three (3) tests set forth in *Rayburn* such that Defendant could

be considered a state actor. Plaintiff alleges simply that Defendant initiated eviction proceedings against her for her alleged failure to pay rent. In *Shell v. Foulkes*, 362 F. App'x 23 (11th Cir. 2010), the Eleventh Circuit held that a plaintiff who was evicted from his rental unit for failure to pay rent did not allege state action because his landlord was not acting under color of state law. *Id.* at 27 ("Shell's complaint did not allege that the [state housing authority] played any role in the termination of Shell's lease or Shell's eviction, much less a pervasive role such that it could be said the State was responsible for Shell's eviction. Shell's complaint did not allege that the [state housing authority] approved the lease termination, issued or approved the notice to vacate, or authorized or initiated the eviction"). Rather, "the decisions to terminate the tenancy and evict the tenant [were] left to the discretion of the unit owner." *Id.* at 28.

Similarly, Plaintiff does not allege any pervasive government involvement regarding her eviction, and the decision to initiate eviction proceedings was left to Defendant Soomro's discretion as landlord. *See Eidson v. Arenas*, 837 F.Supp. 1158, 1161 (M.D. Fla. 1993) (finding a state court action initiated by a private litigant insufficient to establish "state action" absent some corruption of judicial power by the private litigant) (citations omitted). Therefore, Plaintiff has failed to state an actionable § 1983 claim against Defendant Soomro.

2. <u>This Court lacks diversity jurisdiction in this matter.</u>

Federal courts also have subject-matter jurisdiction over civil actions in which: (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"; and (2) the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). To meet the jurisdictional requirements of § 1332(a), the citizenship of each plaintiff must be different from that of each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). A person's place of citizenship, or domicile, is "the place of his true fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

Plaintiff seeks monetary damages in the amount of $45,000 in this action. ECF Doc. 1 at 11. Thus, she has failed to demonstrate that the matter in controversy exceeds $75,000. However, even assuming, *arguendo*, that Plaintiff has satisfied the first element of diversity jurisdiction, she has failed to satisfy the second element because she shares citizenship with Defendant Soomro. Plaintiff lives in Pensacola, Florida. *Id.* at 2. She has made no showing that her Florida address is impermanent or that her principal establishment is in another state. As such, she is domiciled in, and therefore a citizen of, Florida. Defendant Soomro also lives in Pensacola, Florida. *Id.* Indeed, before the events alleged in this suit, he was Plaintiff's landlord.

Case No. 3:20cv4181-MCR-HTC

Because it is to be presumed that a cause lies outside the Court's jurisdiction absent some evidence to the contrary proffered by the party asserting jurisdiction, *see Kokkoken*, 511 U.S. at 377, and because Plaintiff has failed to offer any evidence of diversity of citizenship, Plaintiff has failed to meet her burden of establishing diversity jurisdiction.

### 3. This Court lacks jurisdiction under *Rooker-Feldman*.

Finally, to the extent Plaintiff takes issue with the state court's determinations in this matter, her claim must fail because this Court does not have jurisdiction to review a state court judgment. The *Rooker-Feldman* doctrine "is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments." *Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012) (citation omitted). The doctrine derives from 28 U.S.C. § 1257, which "vests authority to review a state court's judgment solely in [the Supreme] Court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).

The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. The doctrine also "operates as a bar to federal court jurisdiction where the issue before the federal court was 'inextricably intertwined' with the state court judgment so that (1) the success of the federal claim would

'effectively nullify' the state court judgment, or that (2) the federal claim would succeed 'only to the extent that the state court wrongly decided the issues.'" *Alvarez*, 679 F.3d at 1262-63 (quoting *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)).

Plaintiff initiated this action on March 4, 2020, by which time she alleges a judgment of eviction had been entered against her.[1]  *See* ECF Doc. 1 at 11.  She seeks a subsequent judgment from this Court that (1) Defendant Soomro's actions in state court were unlawful and (2) the judgment of eviction issued in state court was improper.  *See* ECF Doc. 1 at 12 (arguing that "judgment should be granted because the uncontroverted facts make it clear that defendant's actions (wrong judge's order, perjured statements, harassment, et. al) clearly placed [Plaintiff] in great harm").  Thus, Plaintiff complains of injuries caused by the state court judgment and invites review and rejection of that judgment, which is precisely the kind of action that is barred by *Rooker-Feldman*.  *See Exxon*, 544 U.S. at 284.  Indeed, Plaintiff's success on her claims before this Court would nullify the state court judgment, and her present claim would succeed only to the extent that the state

---

[1] Plaintiff does not allege that she appealed the eviction in state court, which would hold the state court action open and thus not implicate *Rooker-Feldman*. *See Nicholson v. Shafe*, 558 F.3d 1266 (11th Cir. 2009) ("we … hold that state proceedings have not ended for purposes of *Rooker–Feldman* when an appeal from the state court judgment remains pending at the time the plaintiff commences the federal court action").

Case No. 3:20cv4181-MCR-HTC

court wrongfully decided the issues before it. *See Alvarez*, 679 F.3d at 1262-63. Thus, this Court lacks jurisdiction over Plaintiff's claims.

## IV. CONCLUSION

Although the Court should generally not dismiss a case without allowing the plaintiff an opportunity to amend, the undersigned finds that, because of the various jurisdictional issues set forth herein, the defects in Plaintiff's complaint are incurable and leave to amend would be futile.

Accordingly, it is respectfully RECOMMENDED that:

1.  Plaintiff's complaint (ECF Doc. 1) be DISMISSED under 28 U.S.C. § 1915(e)(2)(B) for lack of subject-matter jurisdiction.

2.  The clerk be directed to close the file.

DONE AND ORDERED this 18th day of March, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.